**In the Matter of NORTH AMERICAN INVESTMENT COMPANY, Bankrupt.**

**Appeal of Luigi M. DiFONZO.**

**No. 77–1033.**

United States Court of Appeals, Seventh Circuit.

Heard May 26, 1977.

Decided July 19, 1977.

Marvin N. Benn, Chicago, Ill., Martin G. Weinberg, Boston, Mass., for appellant.

Glenn R. Heyman, Eugene Crane, Samuel K. Skinner, U. S. Atty., Chicago, Ill., for appellee.

Before CLARK, Associate Justice (Retired),* and CUMMINGS and SPRECHER, Circuit Judges.

PER CURIAM.

This appeal is the result of a denial of a motion for an order restraining news coverage of a bankruptcy hearing or alternatively for an order requiring an *in camera* proceeding. The issue is whether a witness in a bankruptcy hearing whose testimony is protected by use and derivative use immunity granted under Section 7(a)(10) of the Bankruptcy Act is entitled to such a protective restraining order or an *in camera* hearing where the witness believes that his potential testimony may prejudice him in a related but separate criminal proceeding.

On January 7, 1974, an involuntary petition in bankruptcy was filed against North American Investment Company. Luigi DiFonzo, an officer of the bankrupt corporation, was ordered to submit to examination at a public hearing on January 23, 1974,

---

* Associate Justice Tom C. Clark, Retired, of the Supreme Court sat by designation and participated in the conference concerning the disposi-  tion of this case. However, his death occurred before this opinion was prepared.

pursuant to Bankruptcy Rule 205.[1] DiFonzo was granted use and derivative use immunity by order of the bankruptcy court pursuant to Section 7(a)(10) of the Bankruptcy Act.[2] DiFonzo repeatedly refused to testify. On February 13, 1976, an order to show cause why he should not be held in contempt was certified to the district court. On November 8, 1976, DiFonzo was found guilty of contempt in the district court. He subsequently purged himself of the contempt.

On November 29, 1976, DiFonzo filed a motion for an order (1) restraining the news media from publishing or broadcasting accounts of his testimony, or (2) requiring that the proceeding at which he would testify be conducted *in camera.* DiFonzo contended that the order was necessary because he had been the subject of extensive publicity and was the "target" of a grand jury investigation concerning the same subject matter as that involved in the bankruptcy proceeding. The bankruptcy court denied the motion. The denial was appealed to the district court. After a hearing, the district court affirmed the order denying the motion. From that order, DiFonzo appeals.

DiFonzo argues that viewing the "totality of the peculiar circumstances" of this case, the grant of immunity is not coextensive with his Fifth Amendment privilege against self-incrimination. He therefore contends that additional protection, either by way of a news media restraining order or an *in camera* hearing, is necessary.

A similar argument was made recently in *Block v. Consino,* 535 F.2d 1165 (9th Cir. 1976), *cert. denied,* 429 U.S. 861, 97 S.Ct. 165, 50 L.Ed.2d 140. Block had been ordered to answer questions at a bankruptcy hearing. He was to testify under the immunity protection of Section 7(a)(10) of the Bankruptcy Act. The major argument raised by Block was that the immunity granted under Section 7(a)(10) was not coextensive with his Fifth Amendment privilege. Block contended that the immense publicity surrounding the bankruptcy and an ensuing scandal[3] caused the use and derivative use immunity of Section 7(a)(10) to be insufficient to protect his privilege against self-incrimination.

Initially, the Court in *Block* considered whether the immunity provision of the Bankruptcy Act was coextensive with the privilege against self-incrimination. The Ninth Circuit recognized that in view of *Kastigar v. United States,* 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212, a grant of use and derivative use immunity such as that granted under Section 7(a)(10) of the Bankruptcy Act is fully coextensive with the Fifth Amendment privilege.

*Kastigar* held that the immunity provision enacted as part of the Organized Crime Control Act of 1970 (18 U.S.C. § 6002) was coextensive with the privilege against self-incrimination.[4] The Court in *Block* noted that Section 7(a)(10) had been enacted along with Section 6002 and that while

1. Rule 205 is promulgated under various sections of the Bankruptcy Act (11 U.S.C. §§ 1 *et seq.*).

2. Section 7(a)(10) of the Bankruptcy Act (11 U.S.C. § 25(a)(10) (1970)) provides in relevant part:

   . . . no testimony, or any evidence which is directly or indirectly derived from such testimony, given by him shall be offered in evidence against him in any criminal proceeding, except such testimony as may be given by him in the hearing upon objections to his discharge . . . . .

3. The scandal involved the Equity Funding Corporation of America and the auditing firm of Seidman and Seidman. Block was employed by Seidman and Seidman and was a defendant in several civil and criminal lawsuits.

4. In relevant part, Section 6002 provides:

   . . . no testimony or other information compelled under the order (or any information directly or indirectly derived from such testimony or other information) may be used against the witness in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the order.

   This Circuit also has recognized that Section 6002 immunity is coextensive with the Fifth Amendment privilege against self-incrimination. *United States v. Patrick,* 542 F.2d 381 (7th Cir. 1976), *cert. denied,* 430 U.S. 931, 97 S.Ct. 1551, 51 L.Ed.2d 775.

there were differences in the language of the two statutes,

> [t]he language used in section 6002 is not sacrosanct; any statute which fairly provides use and derivative use immunity is sufficient under the Fifth Amendment. (535 F.2d at 1168).

There is no significant difference between the immunity statute upheld in *Kastigar* and Section 7(a)(10) of the Bankruptcy Act. It is apparent that Section 7(a)(10) provides use and derivative use immunity coextensive with the Fifth Amendment privilege against self-incrimination.

DiFonzo argues that even if the statute is constitutional on its face, because of extensive publicity and the fact that he is currently under investigation by a grand jury, the immunity of Section 7(a)(10) is insufficient to protect his privilege against self-incrimination without a protective order. This argument assumes that absent such an order no protection is afforded that the immunized testimony will not be considered by the grand jury in determining whether or not to return an indictment. This ignores the existing protection that a witness testifying pursuant to a grant of use and derivative use immunity already has.

Rejecting virtually the same contention, the *Block* court determined that a witness testifying with a grant of immunity pursuant to Section 7(a)(10) is sufficiently protected even under circumstances where there is massive publicity and pending criminal action. That protection is afforded by the "heavy burden placed upon the Government [in a criminal proceeding] to demonstrate that the evidence was derived from a legitimate source independent of the compelled testimony." *Block, supra* at 1169, citing *Kastigar, supra. Accord, Goldberg v. United States,* 472 F.2d 513 (2d Cir. 1973); *United States v. Seiffert,* 463 F.2d 1089 (5th Cir. 1972). This is effective protection, for courts will not hesitate to dismiss an indictment where the prosecution fails to meet that burden. *E. g., United States v. McDaniel,* 482 F.2d 305 (8th Cir. 1972).

DiFonzo contends that it is inevitable that testimony he gives at the bankruptcy hearing will leak to the grand jury and that there will be no way to determine if that information may be used in returning an indictment. As suggested in *Block,* DiFonzo may seek to ensure that the testimony is not used by attempting to suppress any evidence that he may claim is the fruit of his testimony. 535 F.2d at 1169.

Having determined that the grant of immunity under Section 7(a)(10) is coextensive with his Fifth Amendment privilege, and that DiFonzo is adequately protected from the use or derivative use of that testimony in a grand jury proceeding, it is unnecessary to consider arguments relating to the merits of the protective orders denied by the district court. Such prospective remedies involving restraints on the news media or an *in camera* proceeding are unnecessary where the witness is already adequately protected.

The order denying the motion for an order restraining media coverage or for an *in camera* hearing is affirmed.